## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**CRIMINAL ACTION NO. 1:05CR-36-M**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

**VS.**

**STEVE DALE PEARSON**                                                **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Steve Dale Pearson, to suppress evidence seized as a result of the search of Pearson's home pursuant to a search warrant obtained by Deputy Steve Woods of the Allen County Sheriff's Department [DN 16]. Fully briefed, the matter is ripe for decision, and for the reasons set forth below the motion is **denied.**

### BACKGROUND

On June 1, 2005, the Allen County Sheriff's Department executed a search warrant at the home of the Defendant, located at 705 North Ninth Street in Scottsville, KY. Deputy Woods applied for the warrant and in his affidavit in support he stated in pertinent part:

> Affiant received information form Autumn White that last night she was supposed to pick up a large quantity of pseudoephedrine pills from Stevie Pearson. She didn't get the pills. One week ago Ms. White helped Stevie Pearson pop pseudoephedrine pills from blister packs for the manufacture of methamphetamine. She [Ms. White] has seen large amounts of marijuana at Pearson's home in the past, including on 5/30/05. She also has seen firearms in Pearson's possession about a week ago.

The trial commissioner for Allen District Court, Frank Shook, reviewed the application for the warrant and the accompanying affidavit. Commissioner Shook issued the

warrant on June 1, 2005, and the search was executed the same day.  Defendant complains that the affidavit did not contain information to confirm the reliability of the informant and that the police failed to independently corroborate Ms. White's statements.

## DISCUSSION

The Fourth Amendment states that "no warrants shall issue but upon probable cause, supported by oath or affirmation . . . ." U.S. Const. amend IV.  Probable cause for the issuance of a search warrant is defined in terms of whether the affidavit sets out facts and circumstances which indicate "a fair probability that evidence of a crime will be located on the premises of the proposed search."  United States v. Bowling, 900 F.2d 926, 930 (6th Cir.), cert. denied, 498 U.S. 837 (1990).  See also United States v. Finch, 998 F.2d 349, 352 (6th Cir. 1993).  When assessing whether an informant's tip and accompanying affidavit establishes probable cause to support the issuance of a search warrant, the Court looks to the totality of the circumstances.  Illinois v. Gates, 462 U.S. 213, 238 (1983).  The Court has also held that affidavits used to support an application for a search warrant "are normally drafted by non-lawyers in the midst and haste of a criminal investigation," and "[t]echnical requirements of elaborate specificity once exacted under common law pleading have no proper place in this area."  United States v. Pelham, 801 F.2d 875, 877 (6th Cir. 1986) (quoting Gates at 235).  An issuing magistrate judge's probable cause determination should be made in a "practical, common-sense" fashion, be reviewed with great deference, and if not arbitrarily decided, should not be set aside.  Pelham at 877; United States v. Weaver, 99 F.3d 1372, 1377 (6th Cir. 1996).  Reflecting a preference for a search warrant process over

a process of warrantless searches, the Pelham court stated "the traditional standard for review of an issuing magistrate's probable-cause determination has been that so long as the magistrate had a 'substantial basis for ... conclud[ing]' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." 801 F.2d at 877 -878 (quoting Gates, 462 U.S. at 236).

The Defendant relies heavily on Weaver.  There, the Sixth Circuit spoke of two important factors for evaluating whether probable cause exists to support the issuance of a search warrant based on informant information.  First, there must be a detailed description of the alleged wrongdoing, observed firsthand, and second, there must be corroboration of the tip through independent investigative work.  Id. at 1377.   While recognizing that in United States v. Allen, 221 F.3d 970 (6th Cir.), the court held that the Weaver factors are not a per se test, and that the search warrant in question was upheld despite no independent police corroboration, the Defendant argues that here, unlike in Allen, there is no information attesting to the reliability of the informant.   In such a case, the Defendant insists that corroboration is necessary.

The Sixth Circuit in Allen limited the holding of Weaver to the facts of that case. "Weaver does not support the general propositions that a CI's information must always be independently corroborated by police."  221 F.3d at 974.  The Allen court held that where a known person, named to the magistrate, to whose reliability an officer attest with some detail, states that he has seen a particular crime and particular evidence, in the recent past, a magistrate may believe that evidence of a crime will be found.  Corroboration is necessary

only in the absence of any indicia of the informant's reliability.  Id.

Thus, the issue here centers on whether any indicia of Autumn White's reliability exists.  In United States v. McCraven, the Sixth Circuit stated:

> The affidavit could state that police corroborated significant parts of the informant's story. Or the affiant could attest "with some detail" that the informant provided reliable information in the past. Id. at 976. Or there could be other indicia of the informant's reliability, such as a detailed description of what the informant observed first-hand, or the willingness of the informant to reveal his or her name. As long as the issuing judge can conclude independently that the informant is reliable, an affidavit based on the informant's tip will support a finding of probable cause.

401 F.3d 693, 697 (6th Cir. 2005).

In United States v. Pelham, the Sixth Circuit upheld an affidavit substantially similar to the one here despite no specific attestations as to the informant's reliability.  The informant was named in the affidavit and stated that he had personally observed Pelham storing and selling marijuana in his residence within the last 24 hours.  The court concluded that the informant's recent direct observation presented a substantial basis for the issuance of a search warrant under the totality of the circumstances.  Id.

The Court concludes that the affidavit in question is sufficient despite the fact there was no corroboration and no specific recitals as to the informant's reliability.  The informant's reliability is evident from the affidavit itself.  Autumn White is not an anonymous informant.  She was named in the affidavit.  She related recent and specific information as to criminal wrongdoing that she observed first hand.  She subjected herself to criminal penalty for any false information she gave to the police.  Her reliability is

4

enhanced because she was named and provided statements which impaired her own penal interest.  See United States v. May, 399 F. 3d 817, 823 (6th Cir. 2005); United States v. Gardner, 537 F.2d 861, 862 (6th Cir. 1976).  "In a practical sense, there could hardly be more substantial evidence of the existence of the material sought and its relevance to a crime than [Autumn White's] direct viewing of marijuana in [Pearson's] house." Pelham at 878.

This is admittedly a close case similar to that in United States v. McCraven  401 F.3d 693 (6th Cir. 2005). There, the Court avoided the close question and decided to uphold the search under the good-faith rule of United States v. Leon, 468 U.S. 897 (1984). The McCraven court had before it an affidavit regarding an unnamed informant who saw the defendant selling drugs in defendant's home.  401 F.3d at 698.  The affidavit did not attest to the informant's reliability in any particular detail other than to say that he had provided reliable information in the past which was proven to be true. Id.  There was no independent police corroboration. The McCraven court found that in light of Allen and Pelham, a reasonably well-trained officer would not have known the warrant was invalid despite the magistrate's authorization. 401 F.3d at 698.  The Court believes the same can be said of this case, thus, even if the affidavit was insufficient, the officers relied upon it in good-faith and the search should be upheld.

## CONCLUSION

For the reasons set forth above, Defendant's motion to suppress evidence obtained in the June 1, 2005 search of his home is **denied**.

cc: counsel of record
105cr365SuppressOpin.wpd